UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LOZONO STRAWTHER, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:20-CV-00026-X |
| § | |
| U-HAUL CO. OF TEXAS § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Lozono Strawther sued U-Haul Co. of Texas alleging that U-Haul denied him a trunk rental based on his race. U-Haul filed a Motion to Dismiss [Doc. No. 5]. For the reasons below, the Court **GRANTS** the motion to dismiss.

### I. Factual Background

U-Haul's business involves leasing moving trucks to customers. In order to obtain a rental, customers must provide a verified phone number, a valid driver's license and current street address, proof of employment, and a relative's name, address, and phone number. Strawther attempted to rent a truck from a U-Haul location in Mesquite, Texas. Stawther alleges that he met all four rental requirements but U-Haul still refused to rent him a truck. Strawther is African American and "is of the opinion that he was denied services because of his race." Strawther sued U-Haul for racial discrimination in violation of federal law.

## II. Legal Standards

Under Rule 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[1] To survive a motion to dismiss, the claimant must allege enough facts "to state a claim to relief that is plausible on its face."[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[4] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[5]

## III. Analysis

### A. Section 2000a

Pursuant to 42 U.S.C. § 2000a, "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or

---

[1] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2020).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[5] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. Rule 8(a)(2)).

2

national origin."[6]  Section 2000a delineates four categories of public-serving establishments which are "a place of public accommodation within the meaning of [section 2000a] if its operations affect commerce, or if discrimination or segregation by it is supported by State action."[7]  The categories are:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
>
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
>
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
>
> (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.[8]

Here, U-Haul argues that Strawther failed to state a claim under section 2000a because the statute only applies to "a place of public accommodation," and U-Haul's truck rental business does not fall into any of the statutory categories for places of public accommodation.  Strawther nonetheless contends that U-Haul is regulated by section 2000a because its business affects interstate commerce.

---

[6] 42 U.S.C. § 2000a(a).

[7] *Id* § 2000a(b).

[8] *Id.*

But Strawther misconstrues the statute. Establishments affecting interstate commerce are not an independent category of regulation. Rather, businesses that fall into one of the four express categories must also affect interstate commerce or be supported by state action in order to fall into section 2000a's regulatory ambit.[9] Because U-Haul's business does not fall into the express categories, it does not fall into the statute's regulation and Stawther fails to state a section 2000a claim. Accordingly, the Court **GRANTS** the motion to dismiss the section 2000a claim.

### B. Section 1981

Congress enacted 42 U.S.C. § 1981 to prohibit race-based discrimination in, among other things, the making and enforcement of contracts.[10] In the Fifth Circuit, a plaintiff establishes a prima facie case under section 1981 by demonstrating that "(1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute."[11] Intent to discriminate may be established by circumstantial evidence.[12] It is undisputed that Strawther adequately pled the first and third elements of this claim.

U-Haul argues that Strawther failed to adequately plead the second, *scienter* element of a prima facie case. Strawther insists that because he met all the

---

[9] *Id.* ("Each of the following establishments which serves the public is a place of public accommodation within the meaning of this subchapter *if its operations affect commerce*, or if discrimination or segregation by it is supported by State action" (emphasis added)).

[10] 42 U.S.C § 1981(a).

[11] *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997).

[12] *Id.*

requirements for rental approval the only factor distinguishing his application from other customers is race, which circumstantially establishes intent to discriminate. While this inference is possible, it nonetheless lacks the specific factual content needed to push the inference across the line of plausibility that is required by the federal rules. Intent to discriminate can be established circumstantially. This is possible through factual allegations that other, specific customers belonging to other races were treated differently under the same or similar circumstances[13] or factual allegations as to the defendant's conduct that circumstantially reflect intent to discriminate.[14]

In his complaint, Strawther merely stated that U-Haul denied his rental, despite him meeting the stated requirements, and that he "is of the opinion that he was denied services because of his race."[15] These factual allegations are too threadbare to meet the pleading standards the federal rules require. Consequently, the Court **GRANTS** the motion to dismiss the section 1981 claim. However, the Court will allow Strawther 21 days to replead the allegations in his complaint with greater factual specificity.

---

[13] *See Daniels v. Advantage Rent-A-Car, Inc.*, 80 Fed. App'x 936, 940 (5th Cir. 2003) (determining that the plaintiffs sufficiently established *scienter* with evidence that the defendant required them, but not their white companion, to pay a safety deposit and charged them at a higher rate than their white counterpart).

[14] *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 289–90 (5th Cir. 2004) (determining that the use of a racial slur by the defendant's employee demonstrates racial animus).

[15] Doc. No. 1 at 2.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion to dismiss. Strawther's section 2000a claim is **DISMISSED WITH PREJUDICE** and his section 1981 claim is **DISMISSED WITHOUT PREJUDICE**. The Court will allow Strawther 21 days to refile his section 1981 claim and cure the deficiency identified in this order.

**IT IS SO ORDERED** this 22nd day of December, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE